UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GARY D. BLAIR,

                 Petitioner,

v.                                                            Case No. 16-cv-790-PP

UNITED STATES OF AMERICA,

                 Respondent.

---

**ORDER SCREENING PETITION (DKT. NO. 1), AND ORDERING RESPONDENT TO FILE A STATEMENT**

---

      In March 2012, petitioner Gary D. Blair pled guilty in the district court for the Eastern District of Wisconsin to bank robbery, and in August of that year, Judge Rudolph T. Randa sentenced him to serve 120 months of incarceration, followed by three years of supervised release. See United States v. Blair, Case No. 2012-cr-2-RTR at Dkt. Nos. 9, 18-19. The petitioner now has filed a motion for *habeas* relief pursuant to 28 U.S.C. §2255, relying on the Supreme Court's 2015 decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The case has been reassigned to this court after Judge Randa's passing. Rule 4 of the Rules Governing §2255 Proceedings in District Courts requires the court to screen the motion, and dismiss it if it "plainly appears from the motion . . . that the moving party is not entitled to relief." If the court does not dismiss the motion, it must order the United States to respond.

      The Supreme Court held in Johnson that the residual clause of the Armed Career Criminal Act (the "ACCA") was unconstitutionally vague. The

1

petitioner was not convicted under the ACCA. The presentence report indicates, however, that the petitioner did qualify under the United States Sentencing Guidelines as a career offender (U.S.S.G. §4B1.1). United States v. Blair, Case No. 2012-cr-2-RTR at Dkt. No. 16, p. 18 at ¶45. In United States v. Hurlburt, 835 F.3d 715, 725 (7th Cir. August 29, 2016), the Seventh Circuit held that the residual clause of the definition of "crime of violence" in §4B1.2 (which defines predicate offenses for the purposes of §2B1.1) was unconstitutionally vague. The court left open the question of whether that ruling applies retroactively to people like the petitioner, who seek relief under the decision through the *habeas* process. That question now is pending before the United States Supreme Court.

On June 27 of this year, the Supreme Court accepted certiorari in Beckles v. United States, Case No. 15-8544, 2016 WL 1029080 (June 27, 2016), to decide the questions of whether the rule announced in Johnson applies to the residual clause of U.S.S.G. §4B1.2(a)(2) and, if so, whether it applies retroactively on collateral review.

Because the petitioner was sentenced as a career offender, and because the Seventh Circuit has said that the residual clause of the career offender guideline is unconstitutionally vague, the court cannot conclude that it "plainly appears" that the petitioner isn't entitled to relief. The court does not know which of the petitioner's convictions formed the basis for his career offender classification, and does not know whether any of those convictions fell under the residual clause. If one of the qualifying convictions fell under the residual

2

clause, and if the Supreme Court finds that clause unconstitutional and finds that it applies retroactively on collateral review, the petitioner may be entitled to relief.

The petitioner's adjusted offense level was 22 (prior to application of the career offender enhancement). United States v. Blair, Case No. 2012-cr-2-RTR at Dkt. No. 16, p. 8. Minus acceptance of responsibility, his adjusted offense level would have been 19. He had thirteen criminal history points, which would have put him in criminal history category VI. Id. at 16. Under the 2012 Sentencing Guidelines Manual, level 19 in criminal history category VI would have yielded a sentencing range of 63 to 78 months—five years and three months to six years and six months. Because he qualified as a career offender, the petitioner's sentencing guideline range was 151 to 181 months, id. at 31, and Judge Randa sentenced him to serve 120 months (minus 35 days for time he was in state custody between December 6, 2011 and January 9, 2012)—a sentence below the applicable guideline range, dkt. no. 19. The court's rough calculations indicate that the petitioner has served approximately four years and eleven months of his sentence.

The court **ORDERS** that, no later than the end of the day on **January 31, 2017**, the respondent shall file a written statement with the court. If the respondent has reason that the court should deny the petition, the respondent may file an opposition brief, and the court will give the petitioner a deadline by which to reply. If the respondent believes that the court should defer ruling pending the outcome of the Supreme Court's decision in Beckles

3

(understanding the petitioner's current status regarding the time already served), the respondent may say so in the written statement, and the court will give the petitioner time to reply.

Dated in Milwaukee, Wisconsin this 19th day of December, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge