UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GARY D. BLAIR,
    Petitioner,

v.                                                                             Case No. 16-cv-790-pp

UNITED STATES OF AMERICA,

    Respondent.

---

**ORDER DENYING PETITIONER'S MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE (DKT. NO. 1), DISMISSING CASE,
AND DENYING CERTIFICATE OF APPEALABILITY**

---

On June 23, 2016, petitioner Gary D. Blair filed a motion to vacate, set aside or correct his sentence. Dkt. No. 1. The petitioner previously had pled guilty to one count of armed bank robbery in violation of 18 U.S.C. §2113(a) and 2, and Judge Rudolph T. Randa had sentenced him to 120 months in prison, followed by three years of supervised release. United States v. Blair, Case No. 2012-cr-2-RTR (E.D. Wis.), Dkt. No. 9 at 18-19. The Seventh Circuit Court of Appeals affirmed the petitioner's conviction. United States v. Blair, 2013 WL 1855723 (7th Cir. 2013). Almost three years later, Blair filed this petition, arguing that he was "actually innocent of the career offender enhancement due to recently decided case law by [the] Supreme Court." Dkt. No. 1 at 4 (citing Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015)).

Section 2255(a) of Title 28 provides that a federal prisoner

> claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The petitioner claims that his sentence violated the Constitution or laws of the United States, and cites in support of that allegation the Supreme Court's decision in Johnson. In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e), was unconstitutionally vague, and that courts could not use it as a basis for enhancing a defendant's sentence. Johnson, 135 S. Ct. at 2563.

Although Judge Randa did not sentence the petitioner under the ACCA, the petitioner qualified as a career offender under U.S.S.G. §4B1.1.[1] United States v. Blair, Case No. 2012-cr-2-RTR at Dkt. No. 16, p. 18 at ¶45. The petitioner's theory appears to be that he is innocent under the residual clause of the career offender guideline, because that guideline uses the same language that the Supreme Court struck down in Johnson.

As an initial matter, the court notes that the Johnson decision did not say that people who were sentenced under the residual clause of the Armed Career Criminal Act were innocent. Rather, it said that sentencing courts could

---

[1] According to the presentence report, the petitioner's prior convictions included assault of a correctional officer, and three federal bank robberies that the government maintains qualify as crimes of violence even after Johnson. See, e.g., United States v. Armour, 840 F.3d 904 (7th Cir. 2016)(holding that the elements clause of §924(c)(3)(A) encompassed federal attempted armed bank robbery as defined by 18 U.S.C. §2113(a), (d)).

2

not enhance their sentences under that clause, because the clause was too vague to give defendants notice that they might be subject to such an enhancement. The petitioner confuses the "actual innocence" doctrine—which, under certain circumstances, excuses a defendant's failure to follow certain *habeas* procedures if he can provide proof that he is "actually innocent" of the crime of which he was convicted—with a vagueness challenge to his sentence. The Johnson decision was not based on actual innocence, and did not declare defendants sentenced under the residual clause of the ACCA to be actually innocent.

Further, in March of this year, the Supreme Court decided Beckles v. United States, ___ U.S. ___, 137 S. Ct. 886, 892 (2017). In Beckles, the Court held that the sentencing guidelines were not subject to vagueness challenges under the Fifth Amendment Due Process Clause. The court reasoned that, unlike the statute at issue in Johnson, advisory guidelines do not mandate a permissible range of sentences; they only "guide the court's discretion in choosing an appropriate sentence within the statutory range." Id. Under the Beckles decision, then, Judge Randa did not impose an unconstitutional sentence when he sentenced the petitioner under the career offender guideline. For this reason, the court must deny the petition, and dismiss this case.

Under Rule 11(a) of the Rules Governing Section 2254 Cases (which apply in cases filed under 28 U.S.C. §2255), the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of

3

a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000) (internal quotation marks omitted). Here, the court declines to issue a certificate of appealability, because after Beckles, reasonable jurists could not debate that the motion should be resolved in a different manner or that issue presented is adequate to deserve further encouragement. 28 U.S.C. §2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004).

The court **DENIES** petitioner's motion to vacate, set aside or correct sentence. Dkt. No. 1. The court **DECLINES TO ISSUE** a certificate of appealability. The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin, this 13th day of June, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Court